**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUMAN POWER OF N COMPANY,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **NATHAN BRYAN, PNEUMA NITRIC** | § | **A-21-CV-811-ADA** |
| **OXIDE, LLC, NITRIC OXIDE** | § | |
| **INNOVATIONS LLC, AND BRYAN** | § | |
| **NITRICEUTICALS, LLC,** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Motion Justifying the Amount of Attorneys' Fees Awarded

in Connection with Plaintiff's Sanctions Motion (Dkt. 97) (related to June 1, 2023 Motion to

Compel) and Plaintiff's Motion Justifying the Amount of Attorneys' Fees Awarded in Connection

With Plaintiff's Motion to Compel Production of Unredacted Documents (Dkt. 117) (related to

August 29, 2023 Motion to Compel) and all responsive briefing.[1] After reviewing the Motions and

related briefing, against the backdrop of the entire docket, the court submits the following Report

and Recommendation to the District Court.

---

[1] The Motions were referred by United States District Judge Robert Pitman to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Thereafter, the case was transferred to United States District Judge Alan Albright. Dkt. 105. In an abundance of caution, the undersigned will issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), rather than an order as it relates to attorneys' fees as a sanction. *See* Text Orders dated June 27, 2023, and September 1, 2023, respectively.

## I.  BACKGROUND

### A.  Plaintiff's February 19, 2023 Motion to Compel

On February 19, 2023, Plaintiff filed a Motion to Compel Forensic Examination of Defendants' Computers. (Dkt. 33). On March 15, 2023, after a hearing, this court granted Plaintiff's motion to compel and Plaintiff's corresponding request for attorneys' fees and costs. Dkt. 43. Thereafter, the parties advised the court that they had agreed that the sum of $50,000 would serve as an appropriate amount of attorneys' fees and costs.

### B.  Plaintiff's June 1, 2023 Motion to Compel

On June 1, 2023, Plaintiff filed another Motion to Compel. Dtk. 67. After a July 18, 2023, hearing, this court again granted Plaintiff's motion and again awarded attorneys' fees and costs. Dkt. 101. Defendants did not appeal this order. Despite this court's request that the parties meet and confer in attempt to reach an agreement on an appropriate sum for attorneys' fees, the parties were unable to reach an agreement. This failure triggered Plaintiff's Motion for Attorneys' Fees. Dkt. 97.

### C.  Plaintiff's August 29, 2023 Motion to Compel

On August 29, 2023, Plaintiff filed yet another Motion to Compel Production of Unredacted Documents. Dkt. 96. On October 6, 2023, this court again granted Plaintiff's motion and again awarded attorneys' fees and costs. Dkt. 107. In doing so, the court noted:

> Defendants have been nothing short of obstructionists. The docket, the briefing, and the hearings that this court has held in this matter evidence this fact. A hearing is not necessary in this matter as the court has lost all faith and confidence in the representations of the Defendants. Defendants' explanations and offered justifications for redacting the documents at issue in this matter serve as yet the most recent example of such behavior. For the reasons described in Plaintiff's briefing and this court's experience with the defense's proffered explanations in the past for its obstructionist behavior, the court grants the Motion.

*Id.* at 1.

Defendants did not appeal this court's October 6, 2023 order. The parties were again unable to agree on an appropriate amount of attorneys' fees. In the wake of this failure, Plaintiff filed Plaintiff's Motion Justifying the Amount of Attorneys' Fees Awarded in Connection with Plaintiff's Motion to Compel Production of Unredacted Documents. Dkt. 117.

### D.   Background Summary

Over the past nine months, this court has considered three motions to compel filed by Plaintiff. The court held hearings on the first two motions to compel. Short of obtaining a default judgment against Defendants as a sanction, Plaintiff has prevailed every time. Defendants have simply ignored the Federal Rules of Civil Procedure in relation to their discovery obligations.[2] Plaintiff seeks reimbursement for legal fees pursuant to first Rule 37(e), and if necessary, Rule 37(a)(5) of the Federal Rules of Civil Procedure.

## II.   PLAINTIFF'S PENDING MOTIONS FOR ATTORNEYS' FEES

Defendants did not appeal either of the orders issued by this court in the wake of Plaintiff's June 1 and August 29, 2023 motions to compel.  While the court encouraged the parties to meet and confer on an appropriate attorneys' fee award, the parties were unable to reach an agreement. The court is not interested in the back and forth between the parties or their competing offers of settlement. Those discussions are irrelevant, as is any encouragement this court offered the parties to settle on an amount. Instead, the current attorneys' fee disputes will be resolved based on the pleadings, this court's repeated and continued involvement in the parties' discovery disputes and the application of Fifth Circuit procedure to determine an appropriate attorneys' fee amount.

---

[2] On October 14, 2023, Plaintiff filed its Second Motion for Sanctions, Including Default Judgment Based on Newly Discovered Spoliation of Evidence Failure to Supplement Discovery, Violation of this Court's Orders, and Rampant Perjury. Dkt. 108. To date, this matter has not been referred.

### A.      Plaintiff's August 30, 2023 Attorneys' Fee Request (Dkt. 97)

Plaintiff seeks the recovery of $93,263 in fees to be awarded in relation to the granting of its June 1, 2023 motion to compel. Dkt. 97. The application is supported by several exhibits, totaling approximately 47 pages. The supporting exhibits include:

1. Declaration of attorney Martin J. Murray (8 pages). Dkt. 97-1.
2. Transcript of July 18, 2023 hearing (21 pages). Dkt. 97-2.
3. E-mail from Martin Murray to Terry Kernell (2 pages). Dkt. 97-3.
4. Itemized Invoice for Services Rendered by Murray & Di Bella from May through July 2023 for Spoliation Motion (5 pages). Dkt. 97-4.
5. Declaration of attorney Sara B. Alyea (8 pages). Dkt. 97-5.
6. Declaration of attorney Robert L. Rouder (3 pages). Dkt. 97-6.

Defendants object to the requested amount but do not offer an alternative reasoned amount. Dkt. 102. Defendants also did not object to Plaintiff's arguments that a blended rate of $551/hour for the two attorneys involved in the matter. Instead, Defendants object to the number of hours for which Plaintiff seeks reimbursement. First, Defendants argue that any award must be reduced because Plaintiff failed to achieve its requested sanction, a default judgment. Second, Defendants argue that the requested fees are inflated. Dkt. 102. Defendants' response includes a three-page affidavit by attorney Terry D. Kernell and attached emails (8 pages). Dkt. 102-1. In reply, Plaintiff defends its fee request arguing that the time expended on the matter was both reasonable and necessary. Dkt. 104.

### B.      Plaintiff's November 7, 2023 Attorneys' Fee Request (Dkt. 117)

Plaintiff initially seeks the recovery of $28,194 in fees to be awarded in relation to the granting of its August 29, 2023 motion to compel. The application is supported by several exhibits, totaling approximately 19 pages. The supporting exhibits include:

1. Declaration of attorney Martin J. Murray (7 pages). Dkt. 117-1.
2. E-mail from Martin Murray to Terry Kernell and three pages of billing records (4 pages). Dkt. 117-2.
3. E-mail chain from Martin Murray to Terry Kernell (2 pages). Dkt. 117-3.

4.  E-mail chain from Martin Murry to Terry Kernell (2 pages). Dkt. 117-4.

5.  Declaration of attorney Robert L. Rouder (3 pages). Dkt. 117-5.

Defendants object to this amount and request that the award be reduced. Dkt. 122. Initially, Defendants argue that the hourly rate suggested by Plaintiff is excessive and this court should rely on the State Bar of Texas Department of Research and Analysis's 2015 or 2019 Hourly Fact Sheet. *Id.* at 2-3. Defendants argue that the hourly rate sheets support an hourly rate of approximately $300 for legal work performed in the Austin, Texas area. Defendants also argue that Plaintiff's submission lacks sufficient billing record support, includes block billings, duplicative entries and excessive hours. In reply, Plaintiff defends the hourly rate charged by counsel and counsel's billing judgment. Dkt. 124. In doing so, Plaintiff provides another six-page declaration by attorney Murray who clarifies that the amount sought should be reduced to $27,594, a reduction of $600. Dkt. 124-1. In support, Plaintiff also provided revised billing records. Dkt. 124-2 and 124-3.

## III.  ANALYSIS

To secure an award of attorneys' fees from an opponent, the prevailing party must prove that: (1) recovery of attorneys' fees is legally authorized, and (2) the requested attorneys' fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process. Plaintiff is clearly the prevailing party, and an award of attorneys' fees is legally authorized. FED. R. CIV. P. 37(e), 37(a)(5); LOC. R. CV-54(b)(2).

A determination of reasonable and necessary attorneys' fees is premised on the application of the lodestar method. Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is defined by the market rate in the community in which the district court sits and should reflect the prevailing market rates, not the rates that "lions at the bar may command." *Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490). Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. *Black*, 732 F.3d at 502 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar amount is entitled to a strong presumption of reasonableness. *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.*[3] Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted. *See id.*; *Jason D.W. v. Houston Indep. School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

Sadly, Defendants' behavior in this case gives this court reduced confidence in Defendants' arguments, explanations, and objections. With this said, the court proceeds to calculate an appropriate attorneys' fee award.

### A.      The Hourly Rate

Plaintiff's August 30, 2023 application for fees and costs suggested a blended hourly billing rate of $551. Dkt. 97 at 6; Dkt. 97-1 at 4-5. As previously noted, Defendants did not object

---

[3] These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Black*, 732 F.3d at 502 n.7 (citing *Johnson*, 488 F.2d at 717-19).

to the suggested blending rate, and the court is hard-pressed to find fault with that amount now. Plaintiff's November 7, 2023 application suggests a blended rate of $554 for the legal work performed by attorneys Murray, Di Bella and Alyea.[4] In response, Defendants argue that an hourly rate of no more than $300 based on the State Bar of Texas reports is appropriate. Notably, Defendants fail to advise what their own clients are paying as a reasonable hourly rate to defend this litigation.

Having considered the parties' competing arguments and the entire docket, the court finds that the hourly rates proposed by Plaintiff are reasonable and just. This is not easy litigation. As is their right, Defendants have fought this lawsuit at every step. This tenacity is evidenced by a cursory review of the docket and the need for Plaintiff to file not one, not two, but three separate motions to compel. All of which have been granted.

Defendants' repeated refusal to follow the rules constitutes the equivalent of bullying behavior. In order to compete with a bully, an opponent must be equally, if not more so, capable, tenacious, and aggressive. The court has little doubt that an inexperienced or "cheap" team of lawyers would have been run over by the Defendants' tactics. In other words, only the very best attorneys can meet such a challenge and prevail. The totality of Plaintiff's submission supports the hourly rates sought by Plaintiff. The $300 hourly rate suggested by Defendants is entirely inadequate given the nature of this litigation.

In summary, this court is persuaded more by the qualification of the attorneys, the entirety of the litigation, the results obtained, and what Plaintiff is actually paying its attorneys. Again, the hourly rates proposed by Plaintiff are reasonable. *Heaven Media Ltd. v. Rebecca Everts & Reset Nation, LLC,* No. 1:22-CV-00025-LY, 2022 WL 17443627, at *6 (W.D. Tex. Dec. 6, 2022).

---

[4] Plaintiff describes hourly billing rates of $600 for Martin Murray, $540 for Leza M. Di Bella, and $480 for Sara B. Alyea.

Specifically, the court finds that the unobjected to $551 blended rate for the August 30, 2023 application is appropriate. For the November 7, 2023 application, Plaintiff suggested a blended hourly rate of $554. For the sake of consistency, the court will adopt the earlier suggested blended rate of $551 instead.

### B.    Time Expended

#### 1.    August 30, 2023 Application

Plaintiff's August 30, 2023 application seeks reimbursement for a total of 169.3 hours of legal work. Not having objected to the $551 blended hourly billing rate nor appealing this court's earlier grant of Plaintiff's motion to compel, Defendants take issue with the amount of time expended by Plaintiff's counsel on the matter. Dkt. 102. Defendants take issue with any billings related to efforts to negotiate a mutually agreeable amount of attorney's fees in the wake of the granted motion to compel. Similarly, Defendants argue that since Plaintiff sought a default judgment as a sanction that they did not get, the number of hours should be apportioned between their winning arguments and those they lost. Lastly, Defendants argue that the fees sought are inflated. Defendants point specifically to counsel review of attorneys' eyes-only documentation. Defendant argues this task could have been accomplished by an attorney that charges a lower hourly rate.

The court will take Defendants' arguments in reverse order. Once Defendants decided to embark on an obstructionist, negligent or worse approach to their discovery obligations, it is rather audacious for Defendants to complain that Plaintiff should engage cheaper lawyers so as to reduce their punitive sanctions. Next, the failure to secure a default judgment sanction does not warrant a reduction in fees. The amount of work required of Plaintiff's counsel to file and prevail on its motion to compel had nothing to do with whether it was successful in obtaining a death-penalty

sanction. The work had to be done either way. Finally, any time spent in an effort to mutually resolve this disagreeable matter in the wake of this court's order on the motion to compel is appropriate. To the extent there is a basis for Defendants' objection on this ground, the court will address this in consideration of the *Johnson* Factors.

Plaintiff's application supports its request for the reimbursement of **169.3 hours** of legal work in conjunction with the June 1, 2023 motion to compel and its aftermath.

   2.   November 7, 2023 Application

Plaintiff's November 7, 2023, application seeks the recovery of attorneys' fees for a total of 50.9 hours of legal work.  Defendants argue that Plaintiff's application lacks sufficient billing record support, includes block billings, duplicative entries and excessive hours. The court finds that Plaintiff's reply brief adequately responds to Defendants' arguments and further supports the reduced number of hours expended, that is **49.9 hours**. The court finds that the number of hours expended by Plaintiff's counsel on this matter is both reasonable and appropriate.

   **C.   The Lodestar**

The court has found that a blended hourly rate of $551 is reasonable and appropriate and should be used with reference to both of Plaintiff's pending fee requests.

The August 30, 2023 application supports Plaintiff's reimbursement request for 169.4 hours of legal work. The lodestar for the August application is $551/hour times 169.4 hours for a total of **$93,339.40.**

The November 7, 2023, application supports an additional 49.9 hours of legal work. The lodestar for the November application is $551/hour times 49.9 hours for a total of **$27,494.90.**

### D.   *Johnson* Factors

The court finds that application of the *Johnson* factors to the August application award necessitates a reduction in that fee request. Specifically, a blended application of several *Johnson* factors[5] coupled with Defendants' individual objections to the fee request warrants a 15% reduction in the fees requested in this application. This yields an attorneys' fee amount of **$79,338.49** [$93,339.40 x .85%]. No adjustments are necessary to the November application award.

## IV.   ATTORNEYS' FEES AWARD

The court has determined the appropriate lodestar and considered any adjustments. Having done so, the court finds that Plaintiff is to be awarded reasonable and necessary attorneys' fees and costs in the amount of **$106,833.39** [$79,338.49 +$27,494.90].

## V.   RECOMMENDATIONS

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion Justifying the Amount of Attorneys' Fees Awarded in Connection with Plaintiff's Sanctions Motion (Dkt. 97) be **GRANTED, in part, and DENIED, in part.**  The undersigned **RECOMMENDS** that the court order Defendants to pay Plaintiff a total of **$79,338.49** in relation to the June 1, 2023 Motion to Compel.

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion Justifying the Amount of Attorneys' Fees Awarded in Connection With Plaintiff's Motion to Compel Production of Unredacted Documents (Dkt. 117) be **GRANTED, in part, and DENIED, in part.**  The undersigned **RECOMMENDS** that the court order Defendants to pay Plaintiff a total of **$27,494.90.** in relation to the August 30, 2023 motion to compel.

---

[5] Namely, the time and labor required, the novelty and difficulty of the issues, the time limitations imposed, the amount involved, and the results obtained.

Finally, the undersigned **RECOMMENDS** that these sums be paid to Plaintiff within 30 days of the District Court's final order on Plaintiff's fee requests.

## VI.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).


SIGNED December 4, 2023.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE