## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| HUMAN POWER OF N COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN BRYAN, PNEUMA NITRIC OXIDE, LLC, NITRIC OXIDE INNOVATIONS, LLC, BRYAN NITRICEUTICALS, LLC, <br><br> Defendants. | Civil Action No. 1:21-CV-00811-ADA |
| NATHAN S. BRYAN; PNEUMA NITRIC OXIDE, LLC; NITRIC OXIDE INNOVATIONS, LLC; AND BRYAN NITRICEUTICALS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HUMAN POWER OF N COMPANY, JOEL KOCHER; AND ANNMARIE KOCHER <br><br> Defendants. | Civil Action No. 1:23-CV-01314-ADA |

## ORDER FOR AGREED INJUNCTION

This matter having come for consideration upon the complaint of plaintiff, Human Power

of N Company ("HumanN") for, *inter alia*, breach of contract, breach of fiduciary duty,

misappropriation of trade secrets, false advertising, false designation of origin, and unfair

competition, and the complaint of Nathan S. Bryan (individually, "Bryan"), Pneuma Nitric Oxide,

LLC, Nitric Oxide Innovations, LLC, and Bryan Nitriceuticals, LLC (each individually a "Bryan

1

Party", collectively, the "Bryan Parties") for, *inter alia*, false advertising, unfair competition and breach of fiduciary duty, and the parties having stipulated to the entry of an injunction against Bryan:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    This Court has jurisdiction over these actions under the laws of the United States, 15 U.S.C. § 1125(a),  Public Law 114-153, and 28 U.S. C. § 1331, and over the parties to this suit. This Court has jurisdiction over the claims arising under the laws of the State of Texas under the doctrine of supplemental jurisdiction.

2.    Bryan, his officers, agents, servants, employees, and attorneys and any other persons in active concert or participation with him, including but not limited to any of the Bryan Parties, is permanently restrained and enjoined from directly or indirectly, and from aiding, abetting, or inducing anyone else to do any of the following and from contributing to anyone else from:

   a.  directly or indirectly making any written or verbal statements that defame, disparage or criticize the personal or business reputation, practices of conduct of HumanN, its officers, leadership, stockholders, employees, or any of HumanN's products (which include but are not limited to references to HumanN's branded Neo40, Neo40 Pro, SuperBeets products and/or any gummy, capsule or chew product sold by HumanN (whether or not HumanN is explicitly referenced in the statement or not)); and

   b.  making any written or oral statements that falsely or misleadingly represent that Bryan or any Bryan Party is affiliated with HumanN or that any product developed, manufactured, marketed, licensed or offered for sale by any Bryan Party comes

2

from, is approved by, or affiliated with or sponsored by HumanN. For avoidance of doubt, references to HumanN shall include but not be limited to references to patent(s), invention(s), or technology jointly developed, owned or licensed by HumanN, clinical studies sponsored by HumanN and/or conducted on HumanN's products, as well as HumanN's safety record, lack of reported health issues, and sales and commercial success.

3.    Bryan shall physically destroy or electronically remove, take down and delete any materials in his possession, custody or control or posted by him or anyone acting on his behalf to any internet site under his control that would violate the terms of this Injunction had such content been posted after the entry of this Injunction and shall request in writing, with a copy to HumanN, that any third party controlling any site or medium which maintains any such content similarly physically destroy or electronically remove, take down and delete any such content.

4.    This Injunction applies to all communication made by Bryan to any third parties, whether made in person or through any recorded medium, including interviews, and including communications made at industry tradeshows and/or academic or scientific conventions. It specifically applies, but is not limited to, communications made available to third parties via the internet or any social media sites, whether live, streaming, or available on demand via any hard copy or electronic media, including via email, through social media postings, or on any website, including without limitation statements made by Bryan in website comments or made in response to statements by others. This injunction further applies without limitation to statements made by Bryan in any digital or hard copy newsletter, newspaper, journal, brochure, book, manuscript, pamphlet, or any form of advertising.

5.      Notwithstanding the foregoing, nothing herein shall prevent Bryan from giving truthful testimony or truthfully responding to a valid subpoena, truthfully reporting valid health concerns or violations of law, or communicating or testifying before any state or federal government or regulatory entity, or any self-regulatory organization, or in any civil action or complying with any specific written rule concerning conflicts of interest.

6.      This Injunction is entered by the Court in tandem with a Rule 11 Agreement entered into on August 11, 2024 (the "Rule 11 Agreement") and filed with the Court on August 19, 2024 and the settlement agreement entered into by and between the parties  (the "Settlement Agreement"), and is integral to the Rule 11 Agreement and the Settlement Agreement but is also an independent finding and Order of the Court as to its enforceability. Defined terms in the Settlement Agreement also apply to this Injunction.

7.      If HumanN discovers that Bryan has violated this injunction, HumanN may file a motion with this Court, upon proper notice to Bryan, requesting entry of an Order for contempt and imposition of sanctions.

8.      The parties agree that should Bryan breach this Injunction , the Court will hold Bryan in contempt in an amount to be determined by the Court, in its discretion and such other further penalties as the Court may deem just and proper.

9.      Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms of this Stipulated Order for Permanent Injunction and for enabling the parties to apply to this Court for further orders.

Dated this 24th day of January, 2025.

**IT IS SO ORDERED.**

DATE: January 24, 2025

 

_____

Alan D Albright

UNITED STATES DISTRICT JUDGE